JOHN J. BARRY, complainant,

*v.*

DAVID TUNICK et al., defendants.

[Decided October 22d, 1923.]

1. A judgment at law establishing an easement of right of way is *res adjudicata* in a second suit, involving the same issue, as to parties privy in estate to the parties in the suit at law.

2. Where the parties are not privy in estate a former recovery is not a defense to the second suit, though the same issues are involved.

3. Twenty years adverse user establishes an easement of right of way.

On final hearing.

*Mr. Charles F. Lighthipe,* for the complainant.

*Mr. Henry T. Stetson, Mr. William H. Osborne, Mr. W. Bradford Smith* and *Mr. Louis B. Lesser,* for the defendants.

BACKES, V. C.

This is a bill to quiet the title to land. The question involved is the right of the defendants to the use of a twelve-foot wide carriageway over the complainant's land as a means of ingress and egress to and from the rear of their premises. The complainant's lot is on the south side of Main street, Orange, one hundred and forty and five-tenths feet front by three hundred and sixteen feet in depth, excepting therefrom the three lots of the defendants Tunick and Reznik, Krasner and Long, seventy feet front by one hundred and fifty feet in depth. Tunick and Reznik's lot, twenty-five feet in width, adjoins the carriageway on the east. Krasner's lot, twenty-two and five-tenths feet, adjoins theirs, and next to that is the lot of Long. The title to the entire premises was in one Allen, in 1866. They were used by him and previous owners as a tavern. The carriageway was used to reach the stables

in the rear of the lot. It is still used for that purpose. When it was opened is beyond memory. One witness recalls its existence as far back as 1857.

On October 1st, 1866, Allen conveyed to one Robotham the now Tunick and Reznik lot. On the same day he conveyed to one Coon the now Krasner and Long lots. In the deed to Robotham it was agreed that Allen should maintain for himself, Robotham and Coon, the carriageway twelve feet in width, extending from Main street to the rear of Robotham's lot, and further, that Coon should have a right of way over the rear of Robotham's lot to his premises. The deed to Coon contained a like covenant respecting the carriageway. Prior to 1870 Robotham and Coon erected three store buildings covering their entire frontage; so that the only means of drive access to the rear of the properties is over the carriageway. When Allen conveyed to Robotham and Coon his property was subject to a mortgage of $10,000 held by one Reeve, who at that time released the three lots, without reference, however, to the carriageway. In 1876 Reeve filed a bill to foreclose his mortgage, to which the then owners of the three lots were made defendants because of their interest in the carriageway. A decree was duly entered and the property was sold in 1877 to the complainant's predecessor in title. The property was sold in parcels, the third parcel being the carriageway, described as twelve feet in width and one hundred and fifty feet in depth. Despite the bar of the decree the owners of the defendants' lots continued to use the carriageway as before, and their successors in title have done so down to the filing of this bill, November 9th, 1921, with a single interruption in 1907, when the complainant obstructed and closed it. One Foster, then the owner of the Robotham lot, brought an action at law in trespass and recovered a six-cent verdict, on which judgment was entered. Brigetta Kazenmayer, who had a life estate in the Krasner lot, also sued in trespass and recovered a judgment for six cents. The records show that the right to the easement was the only thing put in issue. Mrs. Kazen-

mayer has since died. The chains of title of the complainant and defendants are undisputed and in the title deeds of the defendants, with possibly one or two exceptions, the agreement as to the use of the carriageway originally set out in the deeds from Allan are recited or referred to.

The right of the defendants Tunick and Reznik to the use of the carriageway is established by the judgment at law recovered by Foster, to whom they are privy in estate, and is not open to attack in this suit. *Manning* v. *Port Reading Railroad Co., 54 N. J. Eq. 46.* The easement involved in the law suit is the one defended here. At the outset of the hearing complainant's counsel admitted this, but was permitted to withdraw the admission and thereupon the fact was established and is not now disputed.

Krasner does not enjoy the advantage of the Kazenmayer judgment. He was not privy in estate to her. She had but a life estate, which is extinct.

Aside from the judgments at law I think the defendants have established their rights to the carriageway by adverse user for more than twenty years. Their contractual rights, acquired by the covenants in the Allen deeds, of course, came to an end in 1877 by the bar of the foreclosure decree; but for thirty years thereafter, and until 1907, when the complainant interfered, the respective owners of the defendants' lots used it under a claim of right. The use was open, notorious and adverse or hostile, to the knowledge of the owners of the servient land. It may be true, as complainant's counsel contends, that the carriageway was originally opened by the owner of the land for his own convenience and was common to those who cared to enter the tavern property and that such a user was permissive, from which no adverse rights could arise; but here the owners of the defendants' lots used the carriageway for a single purpose—to enter the rear of their lots; first by agreement and then, when that was judicially abrogated, for more than twenty years under a claim of right, adverse and hostile to the owners, of which he had notice and in which he is presumed to have acquiesced. *Cobb* v. *Davenport, 32 N. J. Law 369, 386.*

The dimensions of the easement, it seems to me, are fixed by the original description of the carriageway and that the defendants' adverse user was co-extensive with that description.

The complainant's decree will fix the rights of the defendants accordingly. Costs to the defendants.